**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Andrew Mcghee,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-16-01492-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Robert Andrew Mcghee's Applications for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, "Pl.'s Br."), Defendant SSA Commissioner's Opposition (Doc. 12, "Def.'s Br."), and Plaintiff's Reply (Doc. 13, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 10, R.) and now affirms the Administrative Law Judge's decision (R. at 18-26) as upheld by the Appeals Council (R. at 1-4).

**I.    BACKGROUND**

Plaintiff filed an Application for Disability Insurance Benefits on January 29, 2013, for a period of disability that was amended to July 20, 2012 upon Plaintiff's motion. (R. at 18.) Plaintiff's claim was denied initially on March 27, 2013 (R. at 49-57), and on reconsideration on September 25, 2013 (R. at 58). On December 17, 2013,

Plaintiff filed an Application for Supplemental Security Income, which was consolidated with his Application for Disability Insurance Benefits. (R. at 18.) Plaintiff testified at a hearing held before an Administrative Law Judge ("ALJ") on August 4, 2014. (R. at 31-47.) On September 30, 2014, the ALJ denied Plaintiff's Applications. (R. at 18-26.) On March 17, 2016, the Appeals Council upheld the ALJ's decision. (R. at 1-4.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of stage three kidney disease, idiopathic retroperitoneal fibrosis, asthma, and obesity. (R. at 20.) The ALJ concluded Plaintiff has the residual functional capacity ("RFC") to perform his past relevant work as a general clerk, delivery route clerk, or document preparer, such that Plaintiff is not disabled under the Act.(R. at 25-26.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

**III. ANALYSIS**

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred in failing to adequately evaluate Plaintiff's retroperitoneal fibrosis impairment; and (2) the ALJ erred in finding Plaintiff's testimony less than fully credible. (Pl.'s Br. at 11-20.) Both arguments are premised to a large degree on Plaintiff's contentions that the ALJ had insufficient evidence of retroperitoneal fibrosis on which to rely and that the Appeals Council erred in failing to consider new evidence Plaintiff submitted after his hearing before the ALJ. (R. at 14.)

### A. New Evidence

In his Request for Review of the ALJ's decision to the Appeals Council, Plaintiff requested that the Appeals Council consider new evidence related to his retroperitoneal fibrosis impairment, namely: (1) general information about retroperitoneal fibrosis from various websites, and (2) records of Plaintiff's consultation with Dr. Paramvir Sidhu, a rheumatologist, that occurred after the ALJ entered her decision denying his Application. (Doc. 11-2.) The Appeals Council stated as follows:

> We also looked at the reports from Dr. Sidhu, 29 pages, dated October 28, 2014 to December 1, 2014. The Administrative Law Judge decided your case through September 30, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 30, 2014.

(R. at 2.) The new evidence did not become part of the administrative record of this case, and Plaintiff now argues the Appeals Council erred in not taking the new evidence into account in reviewing the ALJ's decision. (Pl.'s Br. at 11-14.)

The Court agrees with Defendant that the issue Plaintiff has raised to the Court falls under "sentence six" of 42 U.S.C. § 405(g), the section of the Act providing for district court review of the SSA's final decision. It provides, in relevant part:

> The Court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). The Appeals Council did not take the new evidence into account or include it in the administrative record. *See* 20 C.F.R. § 404.970(b) ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted *if it relates to the period on or before the date of the administrative law judge hearing decision*." (emphasis added)). Thus, any Order of this Court in Plaintiff's favor would be a remand for the SSA to take the new evidence into account in making the disability determination. On this record, the Court cannot itself take the new evidence into account, make a disability determination, and reverse the SSA determination, as Plaintiff requests.

*Cf. Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012) (noting that the district court must take new evidence into account if it was already considered by the Appeals Council and included as part of the administrative record).

The Court also agrees with Defendant that Plaintiff has failed to meet the materiality requirement required for the Court to order the SSA to accept the proposed new evidence under sentence six of 42 U.S.C. § 405(g). To be material, new evidence must bear a direct and substantial relationship with the matter and create a reasonable possibility of changing the outcome. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Here, the first part of the new evidence proffered by Plaintiff, general information about retroperitoneal fibrosis from various websites, is not material because it is not aimed at Plaintiff in particular, but rather is generic.[1] To the extent Plaintiff is implying that the general information would help educate the ALJ concerning the impairment, the ALJ cannot make her own medical assessment of Plaintiff's condition, and thus such education would not bear on the ALJ's conclusions without medical records from health care providers specifically pertaining to Plaintiff.

The second part of the new evidence proffered by Plaintiff consists of Dr. Sidhu's initial consultation notes made a month after the ALJ entered her decision finding Plaintiff not disabled. This evidence is not material for the reason the Appeals Council already stated: it is untimely because it applies to a period after the ALJ made her disability decision—and more than two years after Plaintiff's alleged onset date. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (noting the claimant must produce objective medical findings establishing the claimed medical impairment from the period of time for which claimant seeks benefits). Moreover, nothing in Dr. Sidhu's notes indicates his assessment of Plaintiff's limitations resulting from retroperitoneal fibrosis,

---

[1] In short, the material provides that retroperitoneal fibrosis is a rare condition characterized by inflammation and fibrosis (mass-formation) in the space behind the stomach and colon, where the urinary system—including kidneys and ureter—and important parts of the circulatory system—including the aorta—are located. Retroperitoneal fibrosis can thus cause, among other things, abdominal pain, ureter blockage, kidney failure, and leg swelling and pain (due to decreased blood flow). (Doc. 11-2 at 6-12.)

much less that the doctor believes the limitations began years before. (Doc. 11-2 at 18-20.) None of the new evidence proffered by Plaintiff has a reasonable possibility of changing the ALJ's determination, and the Court thus denies Plaintiff's request to order the SSA to consider the new evidence in conjunction with Plaintiff's present Applications for disability benefits.

To the extent Plaintiff argues that the ALJ did not consider evidence of retroperitoneal fibrosis and the resulting limitations it places on Plaintiff, the Court disagrees. The ALJ provided a thorough analysis of the medical evidence before her. The ALJ noted that Plaintiff's kidney specialist, Dr. Cory Kempton, opined that retroperitoneal fibrosis caused Plaintiff's chronic pain and that kidney disease caused Plaintiff's insomnia, fatigue and depression. (R. at 24.) Dr. Kempton concluded that Plaintiff can sit, stand, and/or walk for eight hours in an eight-hour workday. (R. at 24.)

While Plaintiff's primary care physician, Dr. Ron Kennett, opined that Plaintiff is mentally and/or physically incapacitated, precluding him from substantial gainful employment, the ALJ noted that Dr. Kennett provided no specific limitations or further justification for this assessment. (R. at 24.) The ALJ also considered that Dr. John Peachey conducted a consultative physical examination in which he took into account Plaintiff's retroperitoneal fibrosis and chronic kidney disease. (R. at 24.) Dr. Peachey noted the improvements in Plaintiff's conditions and concluded that Plaintiff is not significantly limited in his ability to work. (R. at 24.) While Plaintiff complains that Dr. Peachey's report indicated that he did not fully understand retroperitoneal fibrosis, that is a failure of the medical evidence, not a failure of the ALJ's consideration of it. The ALJ is only obligated to consider the medical evidence before her, and Plaintiff does not point to a single medical record pertaining to him that supports his own assessment of his condition. The ALJ properly considered the medical record as a whole in determining Plaintiff's functional capacity.

### B. The ALJ Properly Weighed Plaintiff's Testimony

Plaintiff also argues that the ALJ erred in her consideration of Plaintiff's symptom testimony. (Pl.'s Br. at 19-25.) While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* The ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony.

Plaintiff has reported he cannot sit, stand or lie down for any extended period of time and generally is most comfortable in the kneeling position. (R. at 40-41.) He believes that pain, decreased strength, fatigue, and depression prevent him from substantial gainful activity. (R. at 22.)

The ALJ properly discounted certain subjective symptom testimony for some of the reasons mentioned above—inconsistency with the actual records of Plaintiff's treating and examining physicians, including his kidney specialist. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). As the Court noted above, the Court cannot find that the ALJ erred in considering the record of Plaintiff's treatment by his kidney specialist— who referred explicitly to Plaintiff's retroperitoneal fibrosis—and the ALJ identifies specific inconsistencies between Plaintiff's treatment and his symptom testimony. For

example, the ALJ cites portions of the medical record demonstrating that Plaintiff has had a number of surgeries to address kidney and ureter problems and that his pain and other symptoms have improved. (R. at 22-24.) The ALJ found that Plaintiff's hearing testimony was inconsistent with these portions of the medical record, including Plaintiff's subjective reports therein. (R. at 22-24.) Upon reviewing the entire medical record, the ALJ concluded that it supported incorporating some limitations in Plaintiff's functional capacity assessment, but not to the degree reported by Plaintiff. (R. at 24.) By identifying specific inconsistencies as a factor in her credibility determination, the ALJ provided a clear and convincing reason to discount certain symptom testimony. *See Burch*, 400 F.3d at 680.

Likewise, the ALJ's comparison of Plaintiff's testimony regarding performing daily tasks with his symptom testimony was not improper. *See Tommasetti*, 533 F.3d at 1040. The ALJ specifically noted that Plaintiff's testimony—which varied over time—regarding his ability to drive a car and care for his special needs child, who weighs 50 pounds and who Plaintiff has at times reported being able to lift, is inconsistent with his testimony regarding his physical limitations. (R. at 23-24.) While not dispositive by itself, this inconsistency is also a specific, clear and convincing reason for the ALJ to discount certain symptom testimony.

Though the ALJ did accept some of Plaintiff's subjective reports of limitations, the reasons discussed above are sufficient for the Court to conclude that the ALJ did not err in discounting some of Plaintiff's testimony. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1224-25 (9th Cir. 2010); *Burch*, 400 F.3d at 680-81.

**IV. CONCLUSION**

Plaintiff raises no error on the part of the ALJ, and the SSA's decision denying Plaintiff's Applications for Disability Insurance Benefits and Supplemental Security Income benefits under the Act was supported by substantial evidence in the record.

IT IS THEREFORE ORDERED affirming the September 30, 2014 decision of the Administrative Law Judge, (R. at 18-26), as upheld by the Appeals Council on March 17, 2016, (R. at 1-4).

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 25th day of September, 2017.

Honorable John J. Tuchi
United States District Judge